J-S78008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
       v.   :
   :
   :
   :
BRUCE ANTHONY BROWN   :
   :
     Appellant   :   No. 344 WDA 2017

Appeal from the PCRA Order January 19, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001929-2010

BEFORE:  OLSON, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY OLSON, J.:       **FILED JANUARY 04, 2018**

Appellant, Bruce Anthony Brown, appeals *pro se* from the order entered on January 19, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

A jury found Appellant guilty of sexual assault and unlawful restraint and, on August 5, 2011, the trial court sentenced Appellant to serve an aggregate term of 12 ½ to 25 years in prison for his convictions.[1]  We affirmed Appellant's judgment of sentence on December 27, 2012; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 12, 2013.  ***Commonwealth v. Brown***, 64 A.3d 36 (Pa.

_____

[1] 18 Pa.C.S.A. §§ 3124.1 and 2902(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

Super. 2012) (unpublished memorandum) at 1-15, *appeal denied*, 69 A.3d 242 (Pa. 2013).

On June 23, 2014, Appellant filed a timely, *pro se* PCRA petition and the PCRA court subsequently appointed counsel to represent Appellant in the proceedings. However, on October 20, 2016, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

After reviewing counsel's ***Turner***/***Finley*** letter, the PCRA court entered an order that granted counsel's petition to withdraw. PCRA Court Order, 10/20/16, at 1. Then, on December 21, 2016, the PCRA court notified Appellant that it intended to dismiss the PCRA petition in 20 days, without holding a hearing. **See** PCRA Court Order, 12/21/16, at 1; Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on January 19, 2017 and Appellant filed a notice of appeal to this Court.

After Appellant filed a notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). PCRA Court Order, 4/4/17, at 1. Appellant did not comply with the PCRA court's order and, within the PCRA court's Rule 1925(a) opinion, the PCRA court declared that all of Appellant's claims on appeal must be deemed waived. PCRA Court Opinion, 6/7/17, at 1-2.

- 2 -

We agree with the PCRA court and conclude that, since Appellant failed to comply with the PCRA court's order to file and serve a concise statement of errors complained of on appeal, Appellant waived all of his claims on appeal. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement ... are waived"); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived") (internal citations, quotations, and corrections omitted) (some internal capitalization omitted).

Appellant's Request to Reverse His Convictions denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/4/2018